# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY S. JOURDAN and MARTIN SANMIGUEL, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 1:19-cv-13514 |
| SEQUIUM ASSET SOLUTIONS, LLC and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

NOW comes KIMBERLY S. JOURDAN ("Ms. Jourdan") and MARTIN SANMIGUEL ("Mr. Sanmiguel") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SEQUIUM ASSET SOLUTIONS, LLC ("SAS") and LVNV FUNDING, LLC ("LVNV") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendants' unlawful conduct.

1

2. Plaintiffs also bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for SAS's unlawful conduct.

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

5. Plaintiffs are a married couple and consumers over 18 years-of-age residing in Isabella County, Michigan, which is located within the Eastern District of Michigan.

6. Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

7. SAS boasts that it has "has created a simple and intuitive way to make payments."[1] SAS is a limited liability company organized under the laws of the State of Georgia with its principal place of business located at 1130 Northchase Parkway, Suite 150, Marietta, Georgia. SAS regularly collects from consumers in the State of Michigan.

8. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada. LVNV regularly collects from consumers in the State of Michigan.

9. SAS is a "person" as defined by 47 U.S.C. §153(39).

10. LVNV is SAS's principal. Consequently, LVNV is liable for SAS's actions as it exercises control over SAS's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

---

[1] https://www.sequium.com/
[2] http://www.lvnvfunding.com/

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

12. Joinder of Plaintiffs' claims against Defendants is proper under Fed. R. Civ. P. 20(a)(1) and Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

13. The instant actions stems from Defendants' attempts to collect upon a defaulted personal debt incurred in the purchase of household goods ("subject debt") that Mr. Sanmiguel purportedly owed to Art Van Furniture, Inc. ("Art Van").

14. Upon information and belief, LVNV purchased the subject debt and subsequently placed it with SAS for collection.

15. Around October 2019, Plaintiffs began receiving calls to their cellular phone, (989) XXX-5400, from SAS.

16. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phone ending in -5400. Plaintiffs are and always has been financially responsible for the cellular phone and its services.

17. SAS has used several phone numbers phone numbers when placing collection calls to Plaintiffs' cellular phone, including but not limited to: (866) 528-8471 and (800) 541-1734.

18. Upon information and belief, the aforementioned phone numbers are regularly utilized by SAS during its debt collection activity.

19. Upon answering phone calls from SAS, Ms. Jourdan has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

20. Ms. Jourdan, through her contacts with SAS, was informed that SAS was acting as a debt collector attempting to collect upon the subject debt on LVNV's behalf.

21. SAS's harassing collection campaign caused Ms. Jourdan to demand that SAS cease calling Plaintiffs.

22. Despite Ms. Jourdan demands, SAS has continued to place phone calls to Plaintiffs' cellular phone seeking collection of the subject debt up until the filing of the instant action.

23. Plaintiffs have received not less than 20 phone calls from SAS since asking it to stop calling.

24. Moreover, SAS has also threatened to garnish Mr. Sanmiguel's income, despite knowing that Mr. Sanmiguel's only source of income originates from Social Security.

25. Consequently, SAS represented that it could garnish Mr. Sanmiguel's Social Security income for a personal debt incurred in the purchase of household goods.

26. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

27. Plaintiffs have been unfairly and unnecessarily harassed by SAS's actions.

28. Plaintiffs has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(PLAINTIFFS AGAINST DEFENDANTS)

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of their business.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

34. SAS attempted to collect from Plaintiff on LVNV's behalf. Consequently, LVNV is responsible for SAS's conduct.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendants violated §1692c(a)(1), d, and d(5) through SAS's repeated attempts to call Plaintiffs after being notified to stop. Plaintiffs were contacted at

7

least 20 times after Ms. Jourdan demanded that SAS stop calling. This repeated behavior of systematically calling Plaintiffs' phone in spite of Ms. Jourdan's demands was harassing and abusive. The frequency and volume of calls shows that Defendants willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

37. Defendants were notified by Ms. Jourdan that their calls were not welcomed. As such, Defendants knew that their conduct was inconvenient and harassing to Plaintiffs.

### b. Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendants violated 15 U.S.C. §§ 1692e, e(5), and e(10) when they employed deceptive means to attempt to collect upon the subject debt. Specifically, it was misleading for Defendants to represent that they could garnish Mr. Sanmiguel's Social Security income in violation of relevant laws and regulations prohibiting

8

Defendants from pursuing their threats. Through their actions, Defendants misleadingly represented that they could garnish Mr. Sanmiguel's Social Security income to collect the subject debt.

41. Defendants also violated §1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Ms. Jourdan demanded that SAS stop contacting Plaintiffs, SAS continued to contact them via automated calls. Instead of putting an end to this harassing behavior, SAS systematically placed calls to Plaintiffs' cellular phone in a deceptive attempt to force them to answer its calls and ultimately make a payment. Through their conduct, Defendants misleadingly represented to Plaintiff that they had the legal ability to contact them via an automated system when they no longer had consent to do so.

### c. Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendants violated §1692f when they unfairly threatened to garnish Mr. Sanmiguel's Social Security income when relevant laws and regulations prevent Defendants from pursing their threats. Any reasonable fact finder will conclude that Defendants acted unfairly as they exerted undue pressure on Plaintiffs to collect upon the subject debt.

9

44. Defendants also violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuously contacting Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiffs.

45. As pled in paragraphs 26 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, KIMBERLY S. JOURDAN and MARTIN SANMIGUEL, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(PLAINTIFFS AGAINST SAS)

46. Plaintiffs repeat and reallege paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. SAS used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. The significant pause, lasting several seconds in length, which Ms. Jourdan has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, SAS continued contacts with Plaintiffs after Ms. Jourdan demanded that the phone calls stop further demonstrates SAS's use of an ATDS. Moreover, the nature and frequency of SAS's contacts points to the involvement of an ATDS.

49. SAS violated the TCPA by placing at least 20 phone calls to Plaintiffs' cellular phone using an ATDS without their consent. Any consent that Plaintiffs *may* have given to the originator of the subject debt, which SAS will likely assert

transferred down, was specifically revoked by Ms. Jourdan's demands that it cease contacting them.

50. The calls placed by SAS to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), SAS is liable to Plaintiff for at least $500.00 per call. Moreover, SAS's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, KIMBERLY S. JOURDAN and MARTIN SANMIGUEL, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining SAS from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
(PLAINTIFFS AGAINST DEFENDANTS)

52. Plaintiffs restate and reallege paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiffs are "consumer[s]" or "debtor[s]" as defined by M.C.L. § 339.901(f).

54. Defendants are "collection agenc[ies]" as defined by M.C.L. § 339.901(b) as they are persons that are directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

55. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

56. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

57. Defendants violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiffs' cellular phone using an automated system absent consent. Through their conduct, Defendants misrepresented that they had the legal ability to contact Plaintiffs using an automated system even though Plaintiffs had never consented to receiving such calls. Any hypothetical lawful ability of Defendants to place the calls

at issue was explicitly extinguished after Ms. Jourdan demanded that SAS cease calling their cellular phone. As such, Defendants misrepresented their legal rights in placing the phone calls, as well as Plaintiffs' legal rights to have such phone calls cease, by attempting to contact Plaintiffs' cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

58. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

59. Defendants violated the MOC when SAS repeatedly called Plaintiffs after being notified to stop. Defendants called Plaintiffs at least 20 times after Ms. Jourdan demanded that Defendants stop. This repeated behavior of systematically calling Plaintiffs' phone in defiance of this information was harassing and abusive. Such contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Ms. Jourdan demanded that the calls stop, would naturally cause an individual to feel oppressed.

60. Further, Ms. Jourdan told SAS that their calls to Plaintiffs' cellular phone were not welcome and were therefore inconvenient. As such, Defendants contacted Plaintiffs at times and places which were known to be inconvenient to them.

61. Defendants violations of the MOC were willful. Defendants were notified by Plaintiffs that they did not wish to receive any more phone calls. Yet, Plaintiffs were still bombarded with collection phone calls from Defendants. In a willful manner, Defendants called Plaintiffs repeatedly notwithstanding Ms. Jourdan's demands. Upon information and belief, Defendants regularly engage in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiffs, KIMBERLY S. JOURDAN and MARTIN SANMIGUEL, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

    f. Enjoining Defendants from further contacting Plaintiffs; and

    g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 26, 2019                                                                     Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com